IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DALE MAISANO, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:13-cv-0856 |
| | ) |
| CORIZON HEALTH INC., *et al.*, | )    Judge Sharp |
| | ) |
|     Defendants. | ) |

## ORDER

Before the Court are yet another a *pro se* complaint (ECF No. 1) and an application to proceed *in forma pauperis* (ECF No. 2) filed by plaintiff Dale Maisano.

**A.    1992 Restraining Order**

The plaintiff is an excessively litigious prisoner at the Arizona State Prison in Tucson. Because of the plaintiff's numerous frivolous filings, on August 11, 1992, Senior United States District Judge Stephen M. McNamee entered an Order and Restraining Order enjoining Maisano from filing any civil action in the United States District Court for the District of Arizona, *or any other federal court*, without first obtaining leave of the court. *See Maisano v. Lewis*, CIV 92-1026-PHX-SMM (MS) (D. Ariz. Aug. 11, 1992) ("Restraining Order").

Pursuant to the Restraining Order, to obtain leave to file, the plaintiff must file an "Application Pursuant to Court Order Seeking Leave to File" accompanied by an affidavit certifying: (1) "that the claim or claims he wishes to present are new and have not been raised and disposed of on the merits by any federal court"; and (2) "that to the best of his knowledge the claim or claims are not frivolous or taken in bad faith." Restraining Order at 5. In addition, the plaintiff "must attach to future complaints a list of all cases previously filed involving similar or related causes of action." *Id.* Any application seeking leave to file must be accompanied by a copy of the Restraining Order, and "[f]ailure to comply strictly with [its] terms . . . will be sufficient ground to deny leave to file." *Id.*

The plaintiff has partially complied with this order by including with his filings a copy of the Restraining Order and an application seeking leave of court to file, in which he attests that the claims presented are new, and that they are not frivolous or taken in bad faith. (Complaint, Exhibit T, ECF No. 1-

21.) He also attached a list under the heading "The Court Requests a Lit of Prior Cases." (ECF No. 1-22, at 10; *see also id.* at 8–9.) This list appears to include the docket numbers of some of the cases the plaintiff has filed since 2011. The Court finds that the plaintiff substantially complied with the order and will provisionally permit the present filing.

**B.      Application to Proceed *In Forma Pauperis***

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the civil filing fee required by 28 U.S.C. § 1914(a). Because the plaintiff has submitted an *in forma pauperis* affidavit and a certified trust fund account statement, as required by 28 U.S.C. § 1915(a)(2), and because it appears from his submissions that the plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance, the application ordinarily would be granted without further discussion.

In this case, however, as suggested above, the plaintiff has filed dozens of cases that have previously been dismissed for failure to state a claim or for frivolity. The effect of the PLRA was to implement "constraints designed to prevent sportive filings in federal court." *Skinner v. Switzer*, 131 S. Ct. 1289, 1299 (2011). The PLRA provides that a prisoner who would otherwise be qualified to proceed *in forma pauperis* is not eligible to do so if he has,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it [was] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In other words, a prisoner-plaintiff who meets this standard—that is, who has "three strikes"—while not precluded from filing a civil lawsuit in federal court, may not do so at taxpayer expense unless he is under "imminent danger of serious physical injury." *Id.* Section 1915(g) does not provide an independent basis for dismissing a civil action brought by an inmate; rather, it authorizes the denial or revocation of a prisoner's pauper status. *Sweatt v. Campbell*, 215 F.3d 1327 (Table), 2000 WL 658070, at *1 (6th Cir. May 9, 2000).

The plaintiff here seeks to avoid the application of § 1915(g) by alleging that he is under imminent danger of serious physical injury based on prison officials' failure to treat his most recent onset of Valley Fever, also known as coccidioidomycosis, which the plaintiff alleges is a chronic, life-threatening fungal

infection. The plaintiff's complaint is supplemented by documentation indicating he has been diagnosed and treated for coccidioidomycosis in the past, and by an article by John E. Dannenberg titled "Valley Fever Declared a Public Health Emergency at Two California Prisons; Court Orders Prisoner Transfers." (Complaint, Exhibit O, ECF No. 1-17 (noting that "Valley Fever (coccidioidomycosis) is a potentially fatal fungal infection that causes flu-like symptoms").)

The application to proceed *in forma pauperis* (ECF No. 2) is therefore **GRANTED**. However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. In accordance with the PLRA, the plaintiff is hereby assessed the full $350 filing fee,[1] to be paid as follows:

(1) The custodian of the plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

If the plaintiff is transferred to a different prison or released, he is **ORDERED** to notify the court

---

[1] Effective May 1, 2013, the Judicial Conference of the United States established a $50 administrative fee for filing a civil action in a U.S. District Court, as a result of which the fee for filing a new civil case increased to $400. The $50 administrative fee does not apply to cases filed by *pro se* prisoner plaintiffs who have been provisionally granted permission to proceed *in forma pauperis*.

immediately, in writing, of his change of address.

The Clerk of Court is **DIRECTED** send a copy of this order to the Warden of the Arizona State Prison to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

**C.    Transfer of Case**

Having granted the application to proceed as a pauper, the Court would ordinarily conduct an initial review of the plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. In this case, however, an initial perusal of the complaint reveals that it was filed in the wrong venue.

The plaintiff is housed at the Arizona State Prison ("ASP") in Tucson, Arizona. Although he alleges that one of the defendants named in the complaint, Corizon, has its principle place of business in Tennessee, the claims in his complaint are based upon the conditions of the plaintiff's confinement while he has been detained at the ASP. The defendants named in the complaint other than Corizon have no connection whatsoever to the state of Tennessee, and this Court lacks jurisdiction over them.

Venue in the Middle District of Tennessee in this case is not appropriate under 28 U.S.C. § 1391(b)(1), which provides that venue lies in the "judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," because only one defendant is alleged to reside in Tennessee. Under § 1391(b)(2), venue is appropriate in a district "in which a substantial part of the events or omissions giving rise to the claim occurred." In other words, venue is appropriate only in the state of Arizona.

Accordingly, IT IS **ORDERED** that this case be transferred to the United States District Court for the District of Arizona, Tucson Division, pursuant to 28 U.S.C. § 1406(a). This Court has not conducted an initial review of the plaintiff's complaint under 28 U.S.C. § 1915(e)(2) or § 1915A.

It is so **ORDERED**.

_____
Kevin H. Sharp
United States District Judge